IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHAMBERLAIN FAMILY
LIMITED PARTNERSHIP**                                                                  **PLAINTIFF**

**V.**                              **CASE NO. 5:17-CV-5078**

**STEVE SANDERS, JR., et al.**                                                        **DEFENDANTS**

## ORDER APPROVING SETTLEMENT AND DISMISSING ACTION WITHOUT PREJUDICE

Currently pending before the Court is a Proposed Settlement Agreement (Doc. 8) filed jointly by Plaintiff Chamberlain Family Limited Partnership ("Chamberlain"), various Defendants associated with the Sanders family (the "Sanders Defendants"), and nominal Defendant NATCO Communications, Inc. ("NATCO"). For the reasons described below, the Court will **APPROVE** the settlement, and the case will be **DISMISSED WITHOUT PREJUDICE.**

NATCO is an Arkansas corporation with its principal place of business in Flippin, Arkansas. Together, Chamberlain and the Sanders Defendants own over 80% of the company. Chamberlain—on behalf of NATCO's shareholders—brought the instant suit as a derivative action, essentially accusing the Sanders Defendants of mismanaging NATCO. Because this is a shareholder derivative action, the Court must approve any settlement agreement the parties reach, and the parties must provide notice of the settlement to NATCO's shareholders. *See* Fed. R. Civ. P. 23.1(c) ("A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders.").

The Court previously allowed the Parties to file a copy of their Proposed Settlement Agreement under seal. *See* July 17, 2017 Text Order; Doc. 8-1. Subsequent to the submission of this plan, the Court preliminarily approved the settlement on July 27, 2017 (Doc. 10), ordered that notice be given to all shareholders of Nominal Defendant NATCO, and scheduled a final approval hearing to be held on September 28, 2017, so that the Court could hear any objections to the proposed agreement.

On September 28, 2017, the Court held a final approval hearing, at which time all interested persons were given an opportunity to be heard. During the hearing, the Court asked Counsel for the Parties to report on any developments since the preliminary settlement hearing. In particular, the Court inquired whether the required notice was sent to all shareholders of NATCO, whether any notice letters were returned, and whether any objections were filed. The Parties reported that they had sent the required notice to all interested parties and provided, under seal, an Exhibit (Exhibit 1), listing all of the shareholders to whom the notice had been sent. They also reported that no objections had been lodged with any of the Parties to this action. In fact, the only communications that they had received since the preliminary hearing had been to ensure that the settlement would not be binding upon non-parties to the settlement agreement and that no contributions from non-parties would be required. No objections to the proposed settlement were filed with the Court, either, and no objections were raised by anyone in attendance at the settlement hearing.

The Court, being satisfied that due and adequate notice has been given to all relevant shareholders, finds that the Plaintiff fairly and adequately represents the interest of the shareholders who are similarly situated. It also finds that the settlement itself is fair

and reasonable on its face since it only affects the parties to this action by preserving the rights of the remaining shareholders. Because of these findings, the Court will give full and final approval to the settlement.

**IT IS THEREFORE ORDERED AND ADJUDGED THAT:**

1. The Court hereby approves the Parties' settlement agreement.
2. This action and all claims raised therein are hereby **DISMISSED WITHOUT PREJUDICE**.
3. The Parties shall bear their own attorneys' fees and costs in this action.
4. The Court will maintain jurisdiction to enforce the terms of the Parties' settlement agreement.
5. The Court finds that no just reason exists for delay in entering the dismissal of this action without prejudice and the clerk is hereby directed to enter this order.

**IT IS SO ORDERED** on this 29th day of September, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE